**COLUMBUS (city) v LYNN**

Ohio Appeals, 2nd Dist, Franklin Co

No 2420.   Decided Aug 16, 1934

J. L. Davis, City Attorney, Columbus, Baxter Evans, Columbus, and Charles R. Petree, Columbus, for plaintiff in error.

Marshall & Marshall, Columbus, for defendant in error.

MONTGOMERY, J, (5th Dist)
sitting by designation.

## OPINION

By BARNES, J.

The petition in error sets out eleven separate specifications of error. Counsel for plaintiff in error in their brief restate their grounds of error in two subdivisions, as follows:

1. "The City of Columbus was performing a governmental function at the time of the alleged injuries, in that it was engaged exclusively in repairing and maintaining public street lamps in the furtherance of the safety and welfare of the public generally and, accordingly, the city can not be held liable for the alleged negligent acts of its servants or employes."

2. "Averments in the amended petition which were admitted by the City of Columbus, and also evidence presented by both the plaintiff below and the City of Columbus, established that the drivers of the taxicabs operated by the Columbus Yellow Cab, Inc., could have avoided the ladder in the street by the exercise of ordinary care, in that said drivers could have turned to the right or east to avoid said ladder. These acts of negligence by the Columbus Yellow Cab, Inc., directly and proximately caused the injuries in question and the falling of the ladder from the city truck was nothing more than a condition by which the injuries were made possible. The negligent acts of the two taxicabs amounted to a fresh, intervening cause rendering the city's alleged negligent act a remote cause, if any."

In our consideration of the petition in error we shall consider only the specifications as set out in brief of counsel for plaintiff in error, and in the same order as therein discussed.

The principle of law involved on the first specification may be stated as follows:

"That in the absence of statutory provision to the contrary, a municipality is not liable for injuries occurring in connection with matters relating to its governmental functions, but is liable for torts committed in connection with the exercise of its private or proprietary powers and functions under substantially the same rules and principles which govern the liability of private corporations and individuals."

**Ohio Jurisprudence, Volume 28, (Municipal Corporations), §601, page 950.**

The real question for determination is as to which class, under the pleadings and

record, the city's operation is to be placed. If the activity was the exercise of a governmental function, there can be no liability; if, on the other hand, a tort was committed in connection with the exercise of its private or proprietary powers, then there would be liability.

The record clearly establishes that the defendant, the city of Columbus, Ohio, owns and operates a municipal lighting plant through which it furnishes current to the city and the inhabitants thereof. It has, in different locations in the city, what is generally spoken of as the boulevard lighting of streets. The truck driven by the employe of the city devoted its entire time to the maintenance and repair of these public street lamps. When the light was out and needed repair, the ladder was used in its folded position to lean against the standard so that the employe could ascend thereon and reach the light. It is conceded that the city in so far as it furnishes electricity for the private use of its citizens is engaged in a proprietary function, but that the lighting of its streets and thoroughfares is a governmental function.

No cases are cited nor do we find where the courts of Ohio have directly passed upon this question involving a tort action of the character of the instant case.

It is apparent that the courts of last resort in jurisdictions outside of Ohio are not in accord under a state of facts similar to the instant case. Our attention has been directed to the following decisions of the Ohio Supreme Court:

**Butler v Karb, 96 Oh St, 472;** ʲ
**Travelers' Insurance Company v Village of Wadsworth, 109 Oh St, 440;**
**Wooster v Arbenz, 116 Oh St, 283.** ·

In the case of Butler v Karb, supra, the first paragraph of the syllabus No. 1 reads as follows:

"Municipalities of the state are authorized to establish, maintain and operate lighting, power and heating plants to furnish the municipality and the inhabitants thereof light, power and heat. The powers thus conferred are proprietary in their character and in the management and operation of such plant municipal officials are permitted wide discretion."

This clear, direct and positive statement of the Supreme Court that the powers thus conferred are proprietary is determinative unless it may be said that the language of this syllabus, read in the light of the facts under consideration, should not be given application in the instant case. In passing, we might say that we recognize the rule that every pronouncement of law must be analyzed in the light of the facts under consideration.

In the case of Travelers' Insurance Company v Wadsworth, supra, the second syllabus reads as follows:

"The power to establish, maintain and operate a municipal light and power plant, under the constitution and statutes aforesaid, is a proprietary power, * * *."

The observation made above as to the Butler v Karb case, will apply to this latter case.

Neither case was a tort action. However, each involved the status of a municipal light plant.

In the case of Wooster v Arbenz, supra, the Supreme Court had under consideration whether or not the city was engaged in the performance of a governmental or a proprietary function. This case did involve a tort action, but had no reference to a municipal lighting plant. On page 285, Judge Marshall, rendering the opinion, uses the following language:

"Another familiar test is whether the act is for the common good of all the people of the state, or whether it relates to special corporate benefit or profit. In the former class may be mentioned the police, fire and health departments, and in the latter class utilities to supply water, light, and public markets. Authorities may be found in abundance to establish the immunity from liability of the former class of cases, and to establish the liability of the latter class of cases."

This citation is only valuable in disclosing the opinion of the Chief Justice that municipal lighting plants were in the class performing proprietary functions. We also make reference to the case of **State ex v Evans, 30 Oh Ap, 419 (6 Abs 348).** The first syllabus reads as follows:

"Village acts in a proprietary capacity in the operation of its water and electric light plant under the constitution and laws of the state."

It is our conclusion that this state is committed to the doctrine that the operation of an electric light plant is proprietary in all its functions. We find no error under this specification.

Under the second specification of error,

as presented and discussed in the brief, we think the trial court was correct in his rulings on various motions and also in his charge to the jury.

Even though there was room for the taxicabs to pass the ladder if they had turned to the extreme right, yet under the evidence it was purely a jury question to determine whether or not this moving ladder coming towards the taxicabs rather suddenly would be a contributing, proximate cause of the accident. If the ladder had been in a static position for a measurable time, then the principle urged by counsel for plaintiff in error might be applicable.

Finding no prejudicial error, the judgment of the court below will be affirmed and costs awarded against plaintiff in error. Exceptions may be allowed.

HORNBECK, PJ, and MONTGOMERY, J, concur.